IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANE HARREL, an individual and resident of St. Clair County, Illinois; | : |
| C4 GUN STORE, LLC, an Illinois limited liability company; | : |
| MARENGO GUNS, INC., an Illinois corporation; | : |
| ILLINOIS STATE RIFLE ASSOCIATION; | : |
| FIREARMS POLICY COALITION, INC.; *and* | : |
| SECOND AMENDMENT FOUNDATION, | : |
| *Plaintiffs*, | Case No. 3:23 CV 141-SPM |
| v. | |
| KWAME RAOUL, in his official capacity as Attorney General of Illinois; | : |
| BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME** |
| JAMES GOMRIC, in his official capacity as State's Attorney of St. Clair County, Illinois; | : |
| JEREMY WALKER, in his official capacity as State's Attorney of Randolph County, Illinois; | : |
| PATRICK D. KENNEALLY, in his official capacity as State's Attorney of McHenry County, Illinois; | : |
| RICHARD WATSON, in his official capacity as Sheriff of St. Clair County, Illinois; | : |
| JARROD PETERS, in his official capacity as Sheriff of Randolph County, Illinois; | : |
| ROBB TADELMAN, in his official capacity as Sheriff of McHenry County, Illinois; | : |
| *Defendants*. | : |

**<u>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME</u>**

NOW COME the Plaintiffs, DANE HARREL, C4 GUN STORE, LLC, an Illinois limited liability company, MARENGO GUNS, INC., an Illinois corporation, ILLINOIS STATE RIFLE ASSOCIATION, FIREARMS POLICY COALITION, INC. and SECOND AMENDMENT FOUNDATION, by and through LAW FIRM OF DAVID G. SIGALE, P.C., their attorney, and for their Response to Defendant Kwame Raoul and Brendan F. Kelly's Motion for Extension of Time, states as follows:

Defendants' Motion must be denied, and this matter heard by the Court without delay, for the following reasons:

**I.      PLAINTIFFS' FUNDAMENTAL RIGHTS ARE BEING INFRINGED.**

Plaintiffs have properly alleged that the law at issue, Illinois HB 5471, now Public Act 102-1116, violates their Second Amendment rights per *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *District of Columbia v. Heller*, 128 S. Ct. 2781 (2008). That right is incorporated against the State *via* the Fourteenth Amendment. *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). The Seventh Circuit has held that the Second Amendment "protects similarly intangible and unquantifiable interests" to the First Amendment and that any infringement of that right constitutes irreparable harm. *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). Plaintiffs have alleged, with much legal support, that constitutional harm is irreparable and ongoing. That is in addition to the very real harm that would occur if someone is unable to defend themselves against a violent attack because their preferred method of self-defense has been banned. The Plaintiffs naturally wish to have this

matter heard as soon as the Court is able, while it is also true the State Defendants[1] would prefer to delay the proceedings as long as possible.

It is now well-known and the subject of at least three judicial opinions how the State rushed HB 5471 to the finish line by gutting a bill about insurance regulations and filling it with the subject firearm restrictions at the last minute. *See Bailey v. Pritzker*, 2023 MR 1 (White Cty.) Order of February 2, 2023 at pp. 2-3 (readable at

https://www.thecentersquare.com/illinois/white-county-issues-temporary-restraining-order-against-illinois-gun-ban/article_f0d4b1c8-a323-11ed-84c5-d7c82e257000.html); *see also Accuracy Firearms, LLC v. Pritzker*, 2023 IL App (5th) 230035 at ¶¶ 4-6 (readable at

https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/9a162f46-797f-443e-996e-af004c07dfb7/Accuracy%20Firearms,%20LLC%20v.%20Pritzker,%202023%20IL%20App%20(5th)%20230035.pdf); *Accuracy Firearms, LLC v. Pritzker*, 2023 MR 4 (Effingham Cty), Order of January 20, 2023 at pp. 1-2 (readable at https://www.wcia.com/wp-content/uploads/sites/44/2023/01/EFFINGHAM-TRO-ASSAULT-WEAPONS-BAN.pdf). While Plaintiffs do not raise the legal claims present in those cases, the legislative history cited therein is particularly relevant.

When the State passes legislation that severely restricts a fundamental right of its residents, it is incumbent that the State do its homework *before* restricting the right. Indeed, in *Koons v. Reynolds*, --- F. Supp. 3d ----, 2023 WL 128882, (D.N.J. Jan. 9, 2023), in a case

---

[1] Plaintiffs are less sure about the sentiments of the local Defendants, though one of them – McHenry County State's Attorney Patrick Kenneally, has actually filed his own lawsuit against Defendant Raoul and Governor J.B. Pritzker alleging the same Second Amendment argument against Public Law 102-1116 as the Plaintiffs allege here, plus he has added a state constitutional claim. *Kenneally v. Raoul*, 23 CH 5 (McHenry Cty.). That case has been removed to the United States District Court for the Northern District, Western Division, where it is now pending.

presenting a remarkably similar factual background to this one (a new law was passed in the wake of *Bruen* that ushered in additional restrictions on the Second Amendment rights of New Jersey citizens), the court denied New Jersey's attempts to stave off a TRO until it could have a chance to investigate historical analogues and prepare to defend the law, noting that

> Defendants had—or should have had—the historical materials and analyses the State relied up on when it began its legislative response to *Bruen*. After all, the Supreme Court was clear that in order for any gun control legislation to pass constitutional muster under the Second Amendment, such legislation must be consistent with historical tradition.

*Id.* at *8. In the same way, Illinois should have known the constitutional basis for its legislation *before it was passed*. That is especially true here, where Illinois knew its new law would be immediately challenged, so "Defendants . . . should have been better prepared to defend the legislation's constitutionality." *Id.* at *9. The court in *Koons* noted that New Jersey had "had six months to identify well-established and representative historical analogues" since *Bruen* was decided in June 2022 and the legislation at issue was passed in December 2022. *Id.* Illinois had even more time than New Jersey, but it is is obvious from its motion that the State passed the Firearms Ban and the Magazine Ban just as fast as it could, in the hopes it could find legal justification after litigation ensued. Indeed, in the State's request for time to prepare expert reports, it has not only named two experts who both happen to be unavailable before the response deadline, but also refers to how it is "in the process of identifying and retaining numerous [unnamed] additional experts." Motion at 3. Not only does the State not know the basis for the constitutionality of its law, it does not even know who might be able to formulate such a basis. This Court should not countenance this attempt to withhold rights first and seek to justify it later.

4

Plaintiffs have explained very clearly in their Motion for Preliminary Injunction why relief is required now to protect the Plaintiffs' Second Amendment rights - of the individual, the organization Plaintiffs' members and the dealer Plaintiffs' customers - as well as their ability to exercise that right in the manner they see fit in order to defend themselves. Defendants' request would, at a minimum, extend the irreparable harm to Plaintiffs for an additional three weeks. This is while other cases are progressing throughout the State and literally thousands of Plaintiffs have already obtained temporary relief. Plaintiffs should not be so unreasonably delayed and restrained while the Defendants attempt to so what the State did not, or could not, do in the first place. Defendants will have the opportunity to present their defense. But Plaintiffs' Motion for Preliminary Injunction should be heard and entered first.

Plaintiffs also acknowledge Defendants' counsel's personal references to workload and vacation. Counsel appreciates those concerns, but again fundamental rights are at stake and being restrained. The Illinois Attorney General has numerous attorneys who can work (and presumably are working) on this case and the related cases. The prejudice to Plaintiffs by the requested delay requires that this matter be heard expeditiously.

**II.   THE COURT CAN DECIDE THE PRELIMINARY INJUNCTION ISSUE WITHOUT EXPERTS.**

Leaving aside that the State should have hired experts *before* passing the law if it intended to rely on experts to justify the law's constitutionality, while the state is free to hire an expert going forward (so long as it does not extend the deprivation of Plaintiffs' rights), that certainly is not required, as shown by *Heller* and *Bruen*, which both were decided by the U.S. Supreme Court on motion-to-dismiss records and without any expert testimony. Plaintiffs of

course do not wish to tell Defendants how to defend their claim,[2] but Plaintiffs should not continue to suffer irreparable harm while the Defendants insist on time for something that is unnecessary for their defense of the instant motion. Plaintiffs' Motion for Preliminary Injunction should proceed.

Experts are particularly unnecessary in this case, because the Supreme Court has already decided the relevant historical question here and determined that arms that are in common use cannot be banned. *See Heller*, 128 S. Ct. at 2815; *see also Bruen*, 142 S. Ct. at 2128. The Courts have gone further, however: *see New York State Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 255 (2d Cir. 2015), *abrogated by Bruen* ("Even accepting the most conservative estimates cited by the parties and by *amici*, the assault weapons . . . at issue are 'in common use' as that term was used in *Heller*."); *Heller II*, 670 F.3d at 1261 ("We think it clear enough in the record that semi-automatic rifles . . . are indeed in 'common use.'"). Even the Seventh Circuit noted in *Friedman v. City of Highland Park*, 784 F.3d 406, 409 (7th Cir. 2015), *abrogated by Bruen*, that if "the banned weapons are commonly owned; if they are (or were before it enacted the ordinance), then they are not unusual." *See Heller*, 128 S. Ct. at 2817 (only "dangerous *and* unusual weapons" are prohibited) (italics added).

So, there really is nothing for an expert to do in this case because the arms at issue here indisputably are in common use. Again, the Defendants may wish to introduce unnecessary elements into the case, but that should not be allowed to delay these proceedings, especially when Plaintiffs' rights are infringed in the interim.

---

[2] Plaintiffs reserve all objections to any of Defendants' retained witnesses on the basis of relevance, expertise, or other appropriate basis, but cannot speak further as to the issue without knowing who the witnesses are and/or the specifics of their testimony.

In light of the above, Plaintiffs request the Defendants' Motion for Extension be denied. In the alternative, should the Court be inclined to grant an extension to the Defendants, Plaintiffs request that it be of a duration and nature that balances Defendants' request with the ongoing restriction on Plaintiffs' fundamental rights, such as entering a temporary restraining order in favor of the Plaintiffs and their members and customers while the matter is being briefed and adjudicated.

Dated: February 3, 2023                                        /s/ David G. Sigale
                                                                                                                   Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Attorney for Plaintiffs

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1.      On February 3, 2023, at approximately 2:25PM, the foregoing document was electronically filed with the District Court Clerk via CM/ECF filing system;

2.      Pursuant to F.R. Civ. P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


                                             /s/ David G. Sigale
                                            Attorney for Plaintiffs



David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com