IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANE HARREL, an individual and resident of St. Clair Count, Illinois, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of Illinois, et al.,<br><br>    Defendants. | Case No. 23-141-SPM |

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

    Pursuant to Local Rule 7.1(g), exceptional circumstances warrant filing this reply in support of the State Defendants' request for a 21-day extension of time to respond to Plaintiffs' preliminary injunction motion. On Friday afternoon, Plaintiffs for the first time stated their reasons for opposing Defendants' requested extension, which Defendants have not yet been able to address.

    1.    Plaintiffs oppose Defendants' requested extension in part because "very real harm would occur if someone is unable to defend themselves against a violent attack because their preferred method of self-defense has been banned." ECF 20 at 2. However, Plaintiff Harrel, the only individual Plaintiff in this case, alleges that he currently owns "semiautomatic firearms and magazines" that are being regulated by the Protect Illinois Communities Act (the "Act"). ECF 16-1, ¶ 4. While Harrel states that he wants to acquire more of these items, the Act does not currently prevent him from owning or using the assault weapons he already has for self-defense, because the Act permits him to continue to possess those weapons. 720 ILCS 5/24-1.9(c)-(d). Even if Plaintiff Harrel were able to operate more than one assault weapon at a time, he alleges that he already owns more than one assault weapon. ECF 16-1, ¶ 4. As such, there is no reason to conclude

1

that granting the State Defendants' short extension of time would at all affect Plaintiff Harrel's ability to defend himself.

2. Plaintiffs C4 Gun Store, LLC and Marengo Guns, Inc. are businesses that sell firearms equipment, including the restricted weapons and magazines. Compl. ¶¶ 13–14. These Plaintiffs do not (and cannot) allege that they are unable to defend themselves as a result of the Act. Instead, they allege the Act inhibits their ability to sell certain items, and they fear lost sales and profits. ECF 16-2, ¶¶ 5–6; ECF 16-3, ¶¶ 5–6; Compl. ¶¶ 13–14, 83–84. Regulating the commercial sale of arms is "presumptively lawful" under the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008); *see also McDonald v. City of Chicago,* 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as '. . . laws imposing conditions and qualifications on the commercial sale of arms.' We repeat those assurances here."); *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2162 (Kavanugh, J., concurring) (reiterating the holding from *McDonald* that a variety of gun regulations remain lawful, including qualifications on the commercial sale of arms). Additionally, these gun store Plaintiffs do not allege that they are at imminent risk of going out of business within the next three weeks. *See Gateway E. Ry. V. Terminal R.R. Ass'n.*, 35 F. 3d 1134, 1140 (7th Cir. 1994) (generally economic losses do not provide a basis for irreparable harm, unless damages would come too late to save the plaintiff's business).

3. Plaintiffs Illinois State Rifle Association, Firearms Policy Coalition, and Second Amendment Foundation are gun-rights advocacy organizations. Any harm to those Plaintiffs as a result of the requested extension of time is derivative of the harm to any members. They do not describe any harm their members will suffer independent of the allegations addressed in paragraphs 1 and 2 above.

4. Finally, Defendants anticipate that Plaintiffs will seek their own delay of a ruling in this case. In emails, Plaintiffs' counsel stated that they may seek to file a reply in support of their preliminary injunction motion. Defendants do not oppose this request but note that the current schedule does not anticipate a reply brief. *See* SDIL-LR 7.1(g) ("Reply briefs are not favored and should be filed only in exceptional circumstances.").

5. Plaintiffs' motion for preliminary injunction raises complex constitutional questions. At the same time, state statutes are presumed to be constitutional and the State is entitled to present a robust defense against Plaintiffs' allegations of unconstitutionality. Furthermore, Plaintiffs have not shown that they will suffer harm if Defendants' requested extension of time to respond to that motion is granted. The individual Plaintiff acknowledges he has the means for armed self-defense during the pendency of this motion and the other harms alleged by the other Plaintiffs are not irreparable in nature.

WHEREFORE, for the above and foregoing reasons, Defendants request that this Court extend the deadline to respond to Plaintiffs' motion for preliminary injunction to March 1, 2023.

Dated: February 5, 2023

Christopher Wells
Office of the Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601
312-814-3000
Christopher.Wells@ilag.gov

Respectfully submitted,

/s/ Laura K. Bautista
Laura K. Bautista, ARDC No. 6289023
*Assistant Chief Deputy Attorney General*
Office of the Attorney General
500 S. Second Street
Springfield, IL 62701
(217) 782-5819
Laura.Bautista@ilag.gov

*Harrel, et al. v. Raoul, et al.*, SDIL 23-141

## CERTIFICATE OF SERVICE

      I certify that on February 5, 2023, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

                                        */s/ Laura K. Bautista*
                                        Laura K. Bautista
                                        Assistant Chief Deputy Attorney General